IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In the matter of: | : | |
| | : | Chapter 13 |
| FELICIA DENIESE KING, | : | Case Number 18-52039-AEC |
| | : | |
| Debtors. | : | |

### NOTICE OF MOTION TO MODIFY CHAPTER 13 PLAN BEFORE *CONFIRMATION WITH RESCHEDULED CONFIRMATION DATE.*

THE ABOVE-NAMED DEBTOR HAS FILED PAPERS WITH THE COURT TO MODIFY HER CHAPTER 13 PLAN PRIOR TO CONFIRMATION.

**YOUR RIGHTS MAY BE AFFECTED.  You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If not served with this Notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the Motion may be obtained upon written request to counsel for the Movant or at the Clerk's Office.**

**The original confirmation hearing was scheduled for January 14, 2019**. If you do not want the Court to grant the relief requested in the debtor's Motion, or if you want the Court to consider your views on the Motion, then you or your attorney shall file with the Court a written objection or response within 21 days of service of this notice **and attend the rescheduled confirmation hearing noted below**.  If you are receiving this notice by mail, you may add 3 days to the response date, in accordance with FRBP 9006(f).  The objection or response should be sent to:

Kyle George, Clerk
U.S. Bankruptcy Court
P.O. Box 1957
Macon, Georgia 31202
(478) 752-3506

**The *rescheduled* confirmation hearing shall be held on:**

**February 25, 2019 at 1:30 p.m.**
**Courtroom B**
**United States Bankruptcy Court**
**433 Cherry Street**
**Macon, Georgia 31201**

If you mail your objection to the Court for filing, you shall send it early enough so the Court will **receive** the objection or response on or before the response date stated above.

Any response or objection must also be served on the Movant.

**If you or your attorney does not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting relief.**

This Notice is sent by the undersigned pursuant to LBR 3015-2(d)(2)(A).

      Dated: January 14, 2019.

                    s/ Calvin L. Jackson_____
                    Calvin L. Jackson
                    GA. State Bar Number 386072
                    Attorney for Debtor
                    P.O. Box 7221
                    Warner Robins, Georgia 31095
                    (478) 923-9611
                    cljpc@mgacoxmail.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

In the matter of:                                         :
                                                          :        Chapter 13
FELICIA DENIESE KING,                                     :        Case Number 18-52039-AEC
                                                          :
        Debtors.                                          :

## MOTION TO MODIFY PLAN PRIOR TO CONFIRMATION

COMES NOW FELICIA DENIESE KING, debtor in the above-styled action, pursuant to 11 U.S.C. Section 1323, and files this her Motion to Modify Plan Prior to Confirmation, respectfully showing the Court the following:

1.

The debtor filed a petition for relief in this Court under Chapter 13 of the U.S. Bankruptcy Code. The debtors' case is currently pending before the Court. A plan has not yet been confirmed.

2.

Debtor filew this Plan modification to make the following changes:

(a) To indicate in Paragraph Number 1 in the Plan that there is a thirty-sex (36) month commitment period; and

(b) To change the anticipated dividend to be paid to holders of unsecured claims from 100% to 98.00%.

3.

A copy of the modified Plan is attached to this Motion. Debtor hereby withdraws the Plan previously filed and substitutes the attached modified Plan. After notice and an opportunity for a hearing, the debtor shows that the modified Plan should become her Plan.

WHEREFORE, the debtor prays that her Chapter 13 plan be modified as proposed herein.

This 14th day of January, 2019.

/s/ Calvin L. Jackson
Calvin L. Jackson
GA. State Bar Number 386072
Attorney for Debtor
P.O. Box 7221
Warner Robins, Georgia 31095
(478) 923-9611

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| DEBTOR | * | Chapter 13 |
| FELICIA DENISE KING | * | Case No.   18-52039-AEC |

☑ Check if this is a modified plan, and list below the sections of the plan that have been changed.

First Modified Pre-Confirmation Plan ▾

Part 1

**CHAPTER 13 PLAN**
**MIDDLE DISTRICT OF GEORGIA**
**(NOT OFFICIAL FORM 113)**

**Part 1:  Notices**

**To Debtors:**   **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors and statement regarding your income status, you must check each box that applies.*

**To Creditors:**   **Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If  you oppose the plan's treatment  of your claim  or any  provision  of this plan,  you or your attorney must  file an  objection to confirmation at least 7 days before the date set for the hearing on confirmation unless otherwise ordered  by  the  Bankruptcy Court.  The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.  See Bankruptcy Rule 3015.  In addition, you may need to file a timely proof of claim in order to be paid under any plan.

**The following matters may be of particular importance to you.  Debtors must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan. Any nonstandard provisions placed in any part other than Part 6 are void.**

| | | | |
|---|---|---|---|
| **1.1** | **Limit the Amount of a Secured Claim:** The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.5, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| **1.2** | **Avoidance of Liens:** The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in the **Nonstandard Provisions Part 6.** | ☑ Included | ☐ Not Included |
| **1.3** | **Nonstandard Provisions:** The plan sets out **Nonstandard Provisions in Part 6.** | ☐ Included | ☑ Not Included |

**1.4 Income status of debtor(s) as stated on Official form 122-C1**

**Check One**:

☑ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A).

☐ The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A).

## Part 2:  Plan Payments and Length of Plan

2.1.  **Plan Payments:** The future earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the Trustee the sum of  $ 250.00        monthly  ▼ . (If the payments change over time include the following.) These plan payments change to
on                 .

2.2.  **Additional Payments:** Additional   payments   of                 will be made on                 from                . (Source)

2.3. **Plan Length:** If the debtor's(s') current monthly income is less than the applicable median income specified in 11 U.S.C.§1325(b)(4)(A) the debtor(s) will make a minimum of 36 monthly payments.

If the debtor's(s') current monthly income is not less than the applicable median income specified in 11 U.S.C.§1325(b)(4)(A) the debtor(s) will make payments for a minimum of  57 months.

## Part 3:  Treatment of Secured Claims

**From the payments so received, the Trustee shall make disbursements to allowed claims as follows:**

3.1.      **Long Term Debts:** The monthly payments will be made on the following long-term debts (including debts secured by the debtor's(s') principal residence): (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT | CHECK IF PRINCIPAL RESIDENCE |
|---|---|---|---|
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |

3.2.  **Arrearages:** After confirmation, distributions will be made to cure arrearages on long term debts (including debts secured by the debtor's(s') principal residence) where the last payment is due after the last payment under the plan. If no monthly payment is designated, the arrearage claims will be paid after the  short term secured debts listed in Section 3.3 and 3.5

| NAME OF  CREDITOR | ESTIMATED AMOUNT DUE | INTEREST RATE (if applicable) | COLLATERAL | MONTHLY PAYMENT IF ANY |
|---|---|---|---|---|
| | | | | |

3.3.  **Claims Not Subject to Cram Down:** The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a). The claims listed below will be paid in full as allowed.

| NAME OF  CREDITOR | **AMOUNT DUE** | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| | | | | |

3.4.  **Preconfirmation Adequate Protection:** Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor.  These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| | |

3.5.  **Secured Creditors Subject to Cramdown:** After confirmation of the plan, the following secured creditors who are subject to cramdown, with allowed claims will be paid as follows:

If the value is less than the amount due, the secured claim is modified to pay the value only as secured.
If the value is listed as $0.00 the creditor's allowed claim will be treated as unsecured.
If the value is greater than or equal to the allowed secured claim, the claim will be paid in full.
If you do not intend to cram down the claim, enter "debt" as the value.

| NAME OF  CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| | | | | | |

3.6.     **Surrendered Collateral:** The following collateral is **surrendered to the creditor**. If the debtor(s) is surrendering the collateral for a specific payment credit or in full satisfaction of the debt, a statement explaining the treatment should be indicated in **Part 6 Nonstandard Provisions**. Upon confirmation of this plan, the stay under § 362(a) will terminate as to the collateral only and the stay under § 1301 will terminate in all respects unless the debt is listed as a classified debt in Paragraph 5.3 of the plan. An allowed unsecured claim resulting from the disposition(s) of the collateral will be treated as unsecured.

NAME OF CREDITOR                                              DESCRIPTION OF COLLATERAL

3.7.          **Debts Paid by Debtor:** The following debts will be paid directly by the debtor(s):

NAME OF CREDITOR                                              COLLATERAL

3.8.          **Liens Avoided:** The judicial liens or non-possessory, non-purchase security interests that are being avoided are listed in **Part 6 Nonstandard Provisions.**

## Part 4: Treatment of Fees and Priority Claims

4.1.   **Attorney Fees:** Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of $ 1,500.00    to be paid as follows: **(SELECT ONE)**

☑ Pursuant to the Single Set Fee option in the Administrative Order on Attorney Fees in Chapter 13 Cases.

☐ Hourly billing: Attorneys are required to file an application for compensation with the Court, including an itemization of their time, in accordance with the Administrative Order on Attorney Fees in Chapter 13 Cases.

4.2 **Trustee's Fees:** Trustee's fees are governed by statute and may change during the course of the case.

4.3.   **Domestic Support Obligations:** The following domestic support obligations will be paid over the life of the plan as follows: These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of          %. **(If this is left blank, no interest will be paid.)**

NAME OF CREDITOR                                              PAYMENT AMOUNT

4.4 **Priority Claims:** All other 11 U.S.C. § 507 priority claims, unless already listed under 4.3 will be paid in full over the life of the plan as funds become available in the order specified by law.

GAMB Form 113 Fillable PDF 12/1/18

**Part 5:  Treatment of Non Priority Unsecured Claims**

5.1.      **Payment Parameters: Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative; debtor(s) will pay the highest of the three):**

(a)  Debtor(s) will pay all of the disposable income as shown on Form 122C of $ 0.00        to the non-priority unsecured creditors in order to be eligible for a discharge, unless debtor(s) includes contrary provisions in **Part 6  Nonstandard Provisions** along with sufficient legal reason justifying the excusal  from meeting this requirement.

(b)  If the debtor(s) filed a Chapter 7 case, the priority and other unsecured creditors would receive $ 9,820.00    . Debtor(s) will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

(c) The debtor(s) will pay $ 0.00        to the general unsecured creditors to be distributed prorata.

5.2.      **General Unsecured Creditors:** General unsecured creditors whose claims are duly proven and allowed will be paid **(CHOOSE ONLY ONE):**

(a)           % dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph 5.1(a), 5.1(b), or 5.1(c) and the debtor(s) makes payment for the applicable commitment period as indicated in **Part 2 Section  2.4.**

(b)  The debtor(s) anticipates unsecured creditors will receive a dividend of 98.00   %, but will also pay the highest amount shown in paragraph, 5.1(a), 5.1(b) or 5.1(c) above. All creditors should file claims in the event priority and secured creditors do not file claims and funds become available for distribution.

5.3.      **Classified Unsecured Claims:** The following unsecured claims are classified to be paid at 100%. If the debtor(s) is proposing to pay less than 100%, or to pay a regular monthly payment, those proposals should appear in **Part 6 Nonstandard Provisions**.

| NAME OF CREDITOR | REASON FOR CLASSIFICATION | ESTIMATED AMOUNT OF CLAIM | INTEREST RATE (IF APPLICABLE) |
|---|---|---|---|
|  |  |  | % |
|  |  |  | % |
|  |  |  | % |
|  |  |  | % |

5.4.      **Executory Contracts and Unexpired Leases:** The executory contracts and unexpired leases listed below are assumed.  All other executory and unexpired leases are rejected. If the debtor(s) wishes to cure a default on a lease, an explanation of those payments should be included in **Part 6 Nonstandard Provisions**.

NAME OF CREDITOR                                        DESCRIPTION OF COLLATERAL

GAMB Form 113 Fillable PDF 12/1/18

5.5.          **Property of the Estate:** Unless otherwise ordered by the Court, all property of the estate, whether in the possession of the Trustee or the debtor(s), remains property of the estate subject to the Court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in **Part 6 Nonstandard Provisions** below.  Property of the estate not paid to the Trustee shall remain in the possession of the debtor(s).  All property in the possession and control of the debtor(s) at the time of confirmation shall be insured by the debtor(s).  The Chapter 13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor(s) or other property affected by property in possession and control of the debtor(s).

5.6.          **Validity of Liens or Preference Actions:** Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens or preference actions will be reserved and can be pursued after confirmation of the plan.  Successful lien avoidance or preference action will be grounds for modification of the plan.

## Part 6:  Nonstandard Provisions

**Nonstandard Provisions:** Under Bankruptcy Rule 3015(c), all nonstandard provisions are required to be set forth below. ***These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked and any nonstandard provisions placed elsewhere in the plan are void.***
The non-purchase money security interests held by the following creditors in household goods owned by the debtor shall be avoided pursuant to 11 U.S.C. Section 522, subject to reinstatement pursuant to 11 U.S.C. Section 349: Bonaire Finance; Sunset Finance.

## Part 7:  Signatures

7.1.          **Certification:** The debtor's(s') attorney (or debtor(s), if not represented by an attorney) certifies that all provisions of this plan are identical to the Official form of the Middle District of Georgia, except for language contained in **Part 6: Nonstandard Provisions**.

Debtors

s/ FELICIA DENISE KING                              01/14/2019
_____             _____
Signature of debtor                                        Date


_____             _____
Signature of debtor                                        Date


Debtor's(s') Attorney

s/ CALVIN L. JACKSON                               01/14/2019
_____             _____
Signature of debtor's(s') attorney                 Date